FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2016 APR 18 A 9: 33

CLERK'S OFFICE
AT GREENBELT

BY_____DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

**MALIBU MEDIA, LLC,**         \*

    Plaintiff,                 \*

v.                 Case Nos.: GJH-15-2918

        \*

**JOHN DOE,**         

        \*

    Defendant.

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

Plaintiff Malibu Media, LLC ("Malibu") initiated this action for copyright infringement against a John Doe defendant on September 25, 2015. ECF No. 1. Presently pending before the Court is a Motion to Quash Subpoena filed by Doe, ECF No. 7, and a Motion for Extension of Time to Serve Summons and Complaint filed by Malibu, ECF No. 10. A hearing is unnecessary. *See* Loc. R. 105.6 (D. Md.). For the reasons that follow, the Motion to Quash will be denied, and the Motion for Extension of Time will be granted.

**I.      MOTION TO QUASH**

Malibu alleges in this case that a single Doe defendant utilized the BitTorrent file distribution network to download adult pornographic films subject to copyrights held by Malibu. Malibu was only able to identify Doe by an Internet Protocol address ("IP address") assigned to a customer on a specific date by an Internet Service Provider ("ISP"). Accordingly, on the same day that it filed the Complaint, Malibu moved to expedite discovery and serve a third party subpoena on the ISP prior to a Rule 26(f) conference in order to obtain the identity of Doe. ECF No. 4. On September 29, 2015, the Court granted that motion subject to numerous conditions and

limitations dictated by the sensitive nature of this action and the uncertainty surrounding the specificity of IP addresses. ECF No. 6. Specifically, the Court indicated in its Order that Doe was permitted to move to quash the subpoena anonymously, but that, in order to do so, he was required to provide his name and current address to the Clerk of the Court so that the Court could provide notice to him of necessary Court filings. The Court indicated that "[t]his may be accomplished by completing and mailing to the Clerk of the Court [an] attached form," an Ex Parte Notice of Identity and Current Address. *See id.* Any such identifying information was not to be disclosed to Malibu.

On October 29, 2015, Doe filed the pending Motion to Quash the third party subpoena but did not submit the Ex Parte Notice of Identity and Current Address that was attached to the Court's Order permitting Malibu to expedite discovery. *See* ECF No. 7. His name appeared in his motion papers and was therefore made a part of the Court's public record.

In his Motion, Doe first argues that the IP address which Malibu alleges was used to download content in violation of Malibu's copyrights was not associated with his residence, but rather with a rental property that he owns and that was leased by several other individuals at the time of the alleged infringement. Relatedly, he contends that, because the rental property is located in a "densely populated urban area," the router used may have been hacked or otherwise been used by an individual without Doe's knowledge. In other words, Doe contends that he was not responsible for any alleged copyright infringement and, relatedly, that Malibu has failed to state a viable claim for relief. It is well established, however, "that such general denials of liability cannot serve as a basis for quashing a subpoena." *Third Degree Films, Inc. v. Does 1– 108*, No. CIV.A. DKC 11-3007, 2012 WL 669055, at *3 (D. Md. Feb. 28, 2012) (quoting *First Time Videos, LLC v. Does 1–76*, 276 F.R.D. 254, 256 (N.D. Ill. 2011)). If the Court were to

quash the subpoena on this basis, it would "allow a subscriber to prevent Malibu from pursuing a potentially valid claim simply by denying liability." *Malibu Media, LLC v. Doe*, No. CIV.A. MJG-14-0747, 2014 WL 7190812, at *2 (D. Md. Dec. 16, 2014).

Next, Doe argues that, unless the subpoena is quashed, he will be subjected to an "undue burden." *See* ECF No. 7; Fed. R. Civ. P. 45(d)(3)(A)(iv). This argument is unavailing because the subpoena is directed toward the ISP, and not to Doe, and does not require that Doe produce any information or otherwise respond. *See Malibu Media, LLC v. Doe*, No. CV DKC 15-1710, 2016 WL 54801, at *1 (D. Md. Jan. 5, 2016); *see also CineTel Films, Inc. v. Does 1–1,052*, 853 F. Supp. 2d 545, 556 (D. Md. 2012) ("[T]he undue burden contemplated by Rule 45 is one placed on the direct recipient of the subpoena, the ISP in this case, not on third parties such as the Doe defendants.").

Finally, Doe seems to challenge the protections that this Court put in place in its prior Order granting Malibu's Motion to Expedite Discovery. He argues that Malibu is a known "copyright troll" and is seeking only to "shake down" internet subscribers by filing lawsuits including pornographic titles in an effort to embarrass and coerce such defendants into entering settlements. *See* ECF No. 7. Additionally, he contends that the Ex Parte Notice of Identity and Current Address that was attached to the Court's Order allowing for expedited discovery was not provided to him because Malibu failed to serve it on the ISP. Malibu, in response, contends that Doe "appears to have simply overlooked that this Form was included as a part of the Court's Order, not as a separate document" which was provided to the ISP and then forwarded to Doe as was required by the Court's Order. *See* ECF No. 9 at 2 n.1. Doe has not filed a reply, and, accordingly, Malibu has had the last word on this issue.

The Court appreciates the potential for undue reputational harm should Doe's identity continue to be made available on the Court's public docket, particularly in light of the possibility that the alleged copyright violations were committed by someone other than Doe. There is also potential for a plaintiff to use the threat of reputational harm to abuse these lawsuits and coerce settlements. If the Ex Parte Notice of Identity and Current Address was indeed not provided to the ISP in this case, and accordingly not provided to Doe, the Court certainly would have concern regarding Malibu's failure to provide Doe with the protections put in place by the Court's prior Order. Such a failure may have understandably left Doe confused as to how to proceed in defending this case while maintaining his anonymity. But, having not received a reply from Doe to refute Malibu's representation that Doe "simply overlooked" the form, the Court concludes that this issue may be rectified at this juncture by ordering that the Clerk seal Doe's Motion and corresponding exhibits. *Cf. McKeel v. United States*, 178 F. Supp. 2d 493, 504 (D. Md. 2001) (noting that a party conceded an argument by failing to respond to it).[1] Thus, Doe's Motion to Quash must be denied.

## II.     MOTION FOR EXTENSION OF TIME

Malibu moves for an extension of time of 100 days to serve a summons and the Complaint in this case, which Malibu contends is sufficient time for the ISP to provide Malibu with Doe's identity, for Malibu to depose Doe and investigate the relevant evidence in conjunction with Doe's deposition testimony, and to then amend the Complaint and prepare the appropriate documents to effectuate proper service. *See* ECF No. 10. Doe has not opposed this Motion and the time to do so has expired. Malibu's Motion is therefore granted.

---

[1] Notably, other courts in this district have recognized in similar cases that "despite having dozens of suits in this District, there is no indication to date that Malibu has failed to comply with the dictates of the Federal Rules and this Court's orders [respecting privacy concerns and the threat of reputational harm], and so there is no reason to depart from the procedures currently in place or to buttress the protections for subscribers that already are in place." *Malibu Media, LLC v. Doe*, No. CV DKC 15-1710, 2016 WL 54801, at *2 (D. Md. Jan. 5, 2016) (quoting *Malibu Media, LLC v. Doe*, No. PWG-13-365, 2014 WL 7188822, at *9 (D.Md. Dec. 16, 2014)).

## III. CONCLUSION

In summation, Doe's Motion to Quash the Subpoena, ECF No. 7, is **DENIED**. But, in an effort to protect Doe's anonymity, the Court will Order the Clerk of the Court to seal Doe's Motion and its accompanying exhibits. ECF Nos. 7 & 8. Doe will be directed to refile those documents in redacted form, along with the Ex Parte Notice of Identity and Current Address attached to the Court's prior Order, within fourteen (14) days of the date of the accompanying Order. Malibu's Motion for Extension of Time to Serve Summons and Complaint, ECF No. 10, is **GRANTED**.

Dated: April 18, 2016

GEORGE J. HAZEL
United States District Judge